IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRADLEY K. HUTSON,

                    Plaintiff,

vs.

ANDREW M. SAUL, Commissioner of
the Social Security Administration,

                    Defendant.

4:19-CV-3117

MEMORANDUM AND ORDER

The Commissioner moves for an order altering or amending this Court's judgment pursuant to Fed. R. Civ. P. 59(e). Filing 24. The Commissioner's motion will be denied.

## I. STANDARD OF REVIEW

Fed. R. Civ. P. 59 (e) serves the limited function of allowing a district court to correct manifest errors of law or fact, or to present newly discovered evidence. *Fletcher v. Tomlinson*, 895 F.3d 1010, 1025 (8th Cir. 2018). A manifest error is not demonstrated by the disappointment of the losing party— it is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Abernathy v. White*, Case No. 4:19-CV-009-NAB, 2020 WL 4596870, at *2 (E.D. Mo. Aug. 11, 2020) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). Rule 59 (e) cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been raised before judgment was entered. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1285 (8th Cir. 1998).

III. DISCUSSION

The manifest error of law or fact cited by the Commissioner is that the Court's Memorandum and Order (filing 22) did not acknowledge or attempt to reconcile *Moore v. Astrue*, 623 F.3d 599 (8th Cir. 2010). Filing 25 at 1. The Commissioner contends that in *Moore*, a panel of the Eighth Circuit Court of Appeals held that the reasoning level 2 jobs identified by the vocational expert did not conflict with the ALJ's residual functional capacity finding. The ALJ's finding limited the plaintiff to employment requiring only simple job instructions, and performing simple, routine, and repetitive work activities at the unskilled level. Filing 25 at 1-2. According to the Commissioner, "*Moore* is controlling precedent involving facts indistinguishable from those in this case." Filing 25 at 1.

First, the Court disagrees with the premise that two social security disability appeals could be factually indistinguishable. The multitude of medical conditions causing or contributing to a claimant's disability, the extent to which each condition contributes to the claimant's disability, as well as the claimant's education, mental capacity, and vocational history, assemble an incalculable number of variables that make it nearly impossible for two disability cases to be factually indistinguishable.

In *Moore v. Astrue*, the plaintiff argued that the functional capacity hypothetical the ALJ asked the vocational expert to consider limited him to reasoning level 1 jobs. Thus, the vocational expert's opinion, which identified only reasoning level 2 jobs, conflicted with the ALJ's hypothetical. Accordingly, the plaintiff argued, there was not substantial evidence in the record supporting the ALJ's finding that jobs existed in the national economy that the plaintiff could perform. *Id.* at 604. The *Moore* panel disagreed, and found that the ALJ did not err in relying on the vocational expert's opinion. *Id.*

The primary ground for the *Moore* panel's decision was its conclusion that there was no direct conflict between the ALJ's hypothetical of carrying out simple job instructions for simple, routine and repetitive tasks, and the vocational expert's identification of reasoning level 2 jobs, which involved "instructions that, while potentially detailed, are not complicated or intricate." *Id.* The panel reasoned that the ALJ's residual functional capacity finding did not limit the plaintiff to only reasoning level 1 jobs, because the ALJ omitted the further limitation of simple one or two step instructions—which is the phrasing for reasoning level 1 jobs as defined in the DOT. Additionally, reasoning level 2 job limitations—which the DOT references as detailed but uninvolved job instructions—were not in conflict with a limitation of only simple job instructions, without the further limitation of simple one or two-step instructions. *Id.*

Here, the Commissioner argues that the *Moore* panel's reasoning is controlling precedent. The Commissioner, however, fails to acknowledge the cases cited by this Court that, at least arguably, may conflict with the *Moore* panel's rationale. In *Lucy v. Chater*, 113 F.3d 905 (8th Cir 1997), the issue concerned whether the plaintiff had the capacity to perform the full range of unskilled, sedentary jobs. *Id.* at 909. The plaintiff's psychological exam indicated he was capable of following simple directions. The panel noted that Social Security's own list of unskilled sedentary jobs provided that "many jobs within this range require more than the mental capacity to follow simple instructions." *Id.*

The panel then noted, with reference to the DOT, that "a job rated reasoning level one requires the ability to understand and carry out simple instructions, whereas a job rated reasoning level two requires the ability to understand and carry out detailed instructions." Because many of the

unskilled sedentary jobs on Social Security's list required the capacity for reasoning level 2 or higher, the plaintiff, who was limited to simple instruction jobs, did not have the capacity to perform the full range of sedentary work. *Id.*

In *Hulsey v. Astrue*, 622 F.3d 917 (8th Cir. 2010), the plaintiff was diagnosed with borderline intellectual functioning. The ALJ's hypothetical limited the plaintiff to "work of an unskilled nature involving only superficial interpersonal contact."[1] *Id.* at 921. The vocational expert identified that the plaintiff could perform housekeeping and cashier jobs, which the ALJ accepted in determining that the plaintiff was not disabled. The Appeals Council concluded that the plaintiff's limitations prevented her from performing cashier work, but not housekeeping work, and the district court affirmed the Appeals Council's determination. *Id.*

On appeal to the Eighth Circuit, the plaintiff argued that the ALJ understated the effect of her borderline intellectual function diagnosis by only limiting her to unskilled work, which did not necessarily rule out work that required the ability to follow detailed instructions. *Id.* at 922. The panel observed that the regulations provided that unskilled work needed "little or no judgment to do simple duties that can be learned on the job in a short period of time." *Id.* The panel then noted that the occupations in the DOT are coded with a reasoning development level, corresponding to the capacity to "follow instructions and solve problems that is required for satisfactory job performance." *Id.* at 923.

> Only occupations with a reasoning level of one necessarily involve only simple instructions. At reasoning level two, occupations might

---

[1] The plaintiff's claim was remanded four times by either the Appeals Council or district court. This determination came in the plaintiff's fifth administrative hearing.

necessitate applying "commonsense understanding to carry out detailed but uninvolved written or oral instructions" and dealing with "problems involving a few concrete variables in or from standardized situations."

*Id.* In resolving the appeal, the panel concluded that the several different housekeeping jobs listed in the DOT spanned a range of reasoning development levels, and that it was evident that the vocational expert had in mind the cleaner housekeeper job listed with a reasoning development level of one. *Id.*

The decisions in *Lucy* and *Hulsey,* both of which were filed prior to the decision in *Moore*, controlled this Court's conclusion that unskilled work is more akin to the requirements of reasoning level 1 jobs. Filing 22 at 13. Further, the *Moore* panel's rationale that the plaintiff's functional limitation of employment with simple job instructions does not conflict with reasoning level 2 jobs, at least arguably, may appear to be in conflict with *Lucy* and *Hulsey*—two prior panel decisions regarding the interplay between unskilled work, jobs limited to simple instructions, and the DOT definitions of reasoning level 1 and 2 jobs. When faced with conflicting panel opinions, a court must follow the earliest opinion. *McIntyre v. Reliance Standard Life Ins. Co.*, ___ F.3d ___, 2020 WL 4951028, at *5 (8th Cir. 2020); *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011). This Court, by following the prior Eighth Circuit Court of Appeals panel decisions regarding the interplay between unskilled work and DOT reasoning level definitions, has not committed manifest error.

It is important to note that the Court is not implying that *Moore* was wrongly decided. *Moore* was decided on the facts of that plaintiff's disability, and the ALJ's findings from the evidence adduced at that hearing—all of which distinguish *Moore* from the facts and circumstances of the matter before this

Court. For example, the *Moore* panel concluded that there was nothing in the record to suggest that the vocational expert ignored the reasoning limitations in the hypothetical in determining that the plaintiff could perform reasoning level 2 jobs. *Moore* at 605. There, the vocational expert identified only two reasoning level 2 jobs that were suitable for the plaintiff. *Id*. at 604. Noting that the DOT definitions are generic, and estimate the approximate maximum requirements for a job, the panel found that the ALJ could assume that the expert framed his answer based on the hypothetical, and that the reasoning level 2 jobs identified were actually performed consistent with the plaintiff's residual functional capacity. *Id*.

Here, however, the vocational expert identified two reasoning level 3 jobs, and one reasoning level 2 job, which he deemed suitable for a hypothetical person with the plaintiff's limitations. The Commissioner does not dispute that the reasoning level 3 jobs identified by the vocational expert constitute an apparent conflict between the expert's testimony and the DOT reasoning level definitions for those jobs. Filing 25 at 2, n.1. Thus, in the record before this Court, and as this Court noted in its Memorandum and Order (filing 22 at 15), there is evidence that the vocational expert and the ALJ either ignored or were unaware that the DOT reasoning level definitions for the jobs the vocational expert identified as suitable for the plaintiff potentially conflicted with the vocational expert's testimony regarding an individual limited to carrying out simple instructions, and sustaining concentration and persist at simple tasks.

Finally, the *Moore* panel resorted to dictionary definitions of common words to conclude that there was no *direct conflict* between carrying out simple job instructions for simple routine and repetitive work activity and the expert's identification of reasoning level 2 jobs. *Moore,* at 604. This analytical methodology and rationale conflicts with prior Eighth Circuit panel decisions.

6

In *Porch v. Chater*, the panel concluded that the vocational expert's opinion regarding suitable employment for the plaintiff conflicted with the general educational development criteria in the DOT. The panel held that when expert testimony conflicts with the DOT classifications, and the DOT classifications are not rebutted, the DOT controls. Because the vocational expert's testimony did not resolve the conflict, the vocational expert's testimony did not constitute substantial evidence supporting the ALJ's decision. 115 F.3d 567, 572 (8th Cir. 1995). Again, when faced with conflicting panel opinions, this Court must follow the earliest opinion, which here is *Porch*. *See McIntyre*, 2020 WL 4951028, at *5.

Moreover, in 2000, the rule in *Porch* became the basis for the Commissioner's own regulation. SSR 00-4p requires the adjudicator to identify and obtain a reasonable explanation for *any conflicts* between occupational evidence provided by a vocational expert and information in the DOT. "Neither the DOT nor the (vocational expert) evidence automatically 'trumps' when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the (vocational expert) is reasonable and provides a basis for relying on the (vocational expert) testimony rather than on the DOT information." SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

An ALJ has an affirmative responsibility to ask about any possible conflict between vocational expert evidence and the DOT. *Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 558 (8th Cir. 2018); *Thomas v. Berryhill*, 881 F.3d 672, 678 (8th Cir. 2018); *Moore v. Colvin*, 769 F.3d 987, 989 (8th Cir. 2014); *Welsh v. Colvin*, 765 F.3d 926, 929 (8th Cir. 2014); *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014). The ALJ must do more than have the expert affirm that his or her testimony was consistent with the DOT. *Stanton*, 899 F.3d at 559; *Thomas*, 881 F.3d at 678; *Moore v. Colvin*, 769 F.3d

7

at 990. The ALJ must elicit an opinion from the expert demonstrating a reasonable explanation for the conflict, and determine whether reliance on the expert's testimony is warranted notwithstanding the conflict. *Id.* The generic breadth of the DOT may be sufficient to explain what seems to be a conflict, but it is not sufficient to deny the existence of any conflict altogether. *Thomas,* 881 F.3d at 678.

This Court cannot ignore the fact that the ALJ did not acknowledge the apparent conflict between, at a minimum, the two level three jobs identified by the vocational expert in response to the ALJ's hypothetical, and the DOT reasoning level definitions for those jobs—an apparent conflict the Commissioner does not dispute. The Commissioner's own regulations required the ALJ to resolve this apparent conflict by obtaining an explanation from the vocational expert. There is no dispute that the ALJ failed to do what the Commissioner's own regulations required her to do. Unlike in *Moore,* here there is no basis to conclude that the DOT reasoning level description for the level 3 jobs was a generic maximum, and that the jobs the vocational expert identified were actually performed within the hypothetical person's limitations.

Substantial evidence does not support the ALJ's finding that there are jobs in the national economy suitable for the plaintiff when she failed to inquire about a conceded apparent conflict, as required by the Commissioner's own regulations, and Eighth Circuit Court of Appeals controlling precedent. For this Court to assume that substantial evidence would have supported one of the jobs identified by the vocational expert, but not the other two jobs, would be to affirm the ALJ's finding, not because there was substantial evidence in support of the decision, but as the result of chance, speculation, or conjecture.

### III. CONCLUSION

There is no manifest error of law or fact in the Court's Memorandum and Order in this matter. Accordingly,

IT IS ORDERED that the Commissioner's motion to alter or amend the Court's judgment (filing 24) is denied.

Dated this 23rd day of September, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

9